IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01662-WYD-BNB

JEFFREY SONDRUP,

    Plaintiff,

v.

PATHFINDER INDEMNITY COMPANY, LTD., A British Virgin Islands Corporation; and ROBINSON HELICOPTER COMPANY, INCORPORATED, A California Corporation,

    Defendants.

## ORDER

    THIS MATTER is before the Court on Defendant Robinson Helicopter Company's Motion to Dismiss filed November 15, 2006.  The motion seeks dismissal pursuant to FED. R. CIV. P. 12(b)(1) and (6).  Attached to the motion are affidavits and other evidence outside of the pleadings in this matter.

    If the court considers matters outside of the pleadings, a motion to dismiss pursuant to Rule 12(b)(6) should be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).  As to a motion under Rule 12(b)(1), when the motion challenges the facts upon which subject matter jurisdiction depends, a court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts.  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).  "Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion

to one for summary judgment under FED. R. CIV. P. 56." *Id.* However, there is an exception to this rule when "the jurisdictional question is intertwined with the merits of the case." *Id.*

In the case at hand, Defendant's Motion to Dismiss refers to matters outside the pleadings as to its request for dismissal under both Rules 12(b)(1) and (6). If the Court considers such evidence, the portion of the motion that seeks dismissal under Rule12(b)(6) would need to be converted to a summary judgment motion. However, if the motion is converted it fails to comply with the Court's Practice Standards. As to the portion of the motion that seeks dismissal under Rule 12(b)(1), Defendant's motion did not include a statement as to whether conversion of the motion is required.

Accordingly, it is

ORDERED that Defendant Robinson Helicopter Company's Motion to Dismiss is **STRICKEN** with leave to refile. It is

FURTHER ORDERED that Defendant Robinson Helicopter Company may refile the motion within ten (10) days as a motion to dismiss without the accompaniment of affidavits or other outside evidence in connection with the Rule 12(b)(6) motion. If the motion to dismiss attaches matters outside the pleadings as to the request for dismissal under Rule 12(b)(1), the motion shall include a statement as to why conversion to a summary judgment motion is not required. In the alternative, Defendant may refile the motion within ten (10) days as a motion for summary judgment in compliance with this Court's Hearing, Conference & Trial Procedures. If Defendant chooses to refile the motion as a motion for summary judgment, it is

FURTHER ORDERED that Defendant shall file an answer to the Complaint within twenty (20) days of receipt of this Order.

Dated: November 22, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge